Larkins v City of New York (2021 NY Slip Op 06087)





Larkins v City of New York


2021 NY Slip Op 06087


Decided on November 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 09, 2021

Before: Acosta, P.J., Manzanet-Daniels, Oing, Kennedy, JJ. 


Index No. 102592/07 Appeal No. 14429 Case No. 2020-03496 

[*1]Tyrone Larkins, Plaintiff-Appellant,
v
The City of New York, Defendant-Respondent.


John P. DeMaio, New York, for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Geoffrey Stannard of counsel), for respondent.



Order, Supreme Court, New York County (Lyle E. Frank, J.) entered May 22, 2019, which denied plaintiff's motion to vacate an order directing him to comply with discovery orders within 30 days or the complaint would be dismissed, and denied defendant's motion to dismiss the complaint as moot, unanimously modified, on the facts, to remand the matter to determine defendant's motion, and otherwise affirmed without costs.
This action arises from an incident in 2003 in which plaintiff was arrested and charged with felony drug and gun sales. Plaintiff was tried three times, and, after two mistrials, was acquitted of all charges in 2006. He commenced this action in 2007 asserting claims for malicious prosecution and negligence. Between 2010 and 2014, the parties entered into stipulations so-ordered by the court directing plaintiff to produce transcripts of his three criminal trials. Three of the so-ordered stipulations directed defendant, as well as plaintiff, to obtain the transcripts.
This appeal concerns the so-ordered stipulation dated November 5, 2014, whereby Supreme Court directed plaintiff to provide defendant with the transcripts within 30 days or "plaintiff's complaint will be dismissed" (2014 order). Plaintiff did not produce the transcripts and, instead, moved for reargument pursuant to CPLR 2221 on December 12, 2014. A few months later, on February 3, 2015, defendant served plaintiff, differentiated case management, the trial support office, and the office of the county clerk with notice of entry of the 2014 order and an affirmation of noncompliance requesting that the action be dismissed pursuant to the "self-executing language" of the 2014 order. However, defendant, did not submit a proposed order directing dismissal of the complaint due to plaintiff's noncompliance.
By order entered May 12, 2015, Supreme Court denied plaintiff's motion to reargue without prejudice to renew upon a proper application, because his requested relief fell under CPLR 5015(a)(5). The court subsequently scheduled at least two compliances conferences, including one on March 16, 2016. At that conference, the parties signed a stipulation noting that defendant's "request for preclusionary language re: underlying trial transcripts is denied" and that no further conference was necessary, although the parties could request one at any time.
On December 12, 2016, plaintiff moved to vacate the 2014 order. He argued, inter alia, that he could not produce documents that were not in his possession and that he did not have the means to pay for the transcripts. On April 4, 2018, the motion to vacate was denied on default because plaintiff did not appear (2018 order).
In November 2018, plaintiff moved to vacate the 2018 order on the ground of law office failure and to restore the case to the calendar. Supreme Court granted the motion on February 27, 2019. The court directed the parties to return to resolve plaintiff's restored motion to vacate the 2014 order and defendant's [*2]newly filed motion to dismiss the complaint pursuant to CPLR 3126.
On May 22, 2019, Supreme Court denied plaintiff's motion to vacate, holding that the 2014 order was a self-executing conditional order of dismissal that became absolute upon plaintiff's failure to produce the transcripts (2019 dismissal order). The court also denied defendant's motion to dismiss as moot, ordered the complaint stricken, dismissed the action, and directed the Clerk to enter judgment dismissing the action.
We need not address whether the 2014 order is a self-executing order of dismissal under the unique procedural facts of this appeal. The record demonstrates that Supreme Court continued to schedule compliance conferences with the parties after the 2014 order was issued. The record also demonstrates that before the 2019 dismissal order was issued there was no order dismissing this action. Further, the fact that defendant moved to dismiss pursuant to CPLR 3126 underscores the fact that this action had not been dismissed. Under these circumstances, we find that plaintiff's motion to vacate the dismissal of this action was premature.
As for the parties' underlying dispute over production of the transcripts, we note that plaintiff initially produced those transcripts that were within his possession. He should not have been required to provide the remaining transcripts from the three criminal trials when they were not only outside of his physical possession but it was also beyond his financial means to obtain them. In fact, during the course of the pretrial proceedings, defendant was at times directed by Supreme Court to obtain the transcripts. This is not a situation in which a municipality is wholly incapable of
obtaining the transcripts, particularly given that the custodian of the transcripts is a governmental entity. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 9, 2021